UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA R. FINLEY,<br>   Plaintiff,<br>  v.<br>DISCOVER CARD,<br>   Defendant. | Case No. 13-cv-01898-JCS<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915** |

  Plaintiff has filed a complaint asserting claims based on an alleged breach by Defendant of a repayment agreement between the parties. Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis complaint that is frivolous or malicious or fails to state a claim. *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court finds that Plaintiff's complaint fails to state a claim and therefore dismisses Plaintiff's complaint with leave to amend.

  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this requirement, the complaint must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. *Id*. at 679.

Here, Plaintiff has attached a letter from Defendant providing some notice of the specific facts regarding the contract Plaintiff alleges was breached. However, Plaintiff has included no specific facts in her complaint as to the payments she alleges were not properly applied to her account. Instead, she includes only a conclusory allegation that Defendant breached a contract when it "failed to apply plaintiff payments to a new account set up solely for payments purposes per contractual agreement." This allegation is not sufficient to put Defendant on notice of the conduct that is the subject of Plaintiff's action. Accordingly, the Court dismisses Plaintiff's complaint with leave to amend within 30 days of the date of this order. The Clerk is instructed to close the file in this case and enter judgment in favor of Defendant if an amended complaint is not filed by that time.

**IT IS SO ORDERED**.

Dated: May 15, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge